**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

PAUL H. RIMLAND,

       Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

       Defendant - Appellee.

No. 08-56148

D.C. No. 3:06-cv-02490-JLS-LSP

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted August 31, 2010[**]
Pasadena, California

Before: **KOZINSKI**, Chief Judge, **O'SCANNLAIN** and **GOULD**, Circuit
Judges.

    The ALJ appropriately gave more weight to the medical expert's testimony

than to observations made by Rimland's father. <u>See, e.g.</u>, <u>Lewis</u> v. <u>Apfel</u>, 236 F.3d

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. <u>See</u> Fed. R. App. P. 34(a)(2).

503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."). But the expert's testimony established that Rimland's functional capacity is extremely limited during periods of sickness that occur about four times per year. Even though at least one medical report supports Rimland's claim that the attacks can last for several weeks, the vocational expert didn't testify as to whether they affect Rimland's ability to perform his past relevant work. The ALJ must address that narrow issue on remand. See 20 C.F.R. § 404.1520(e).

The evidence adequately supported a finding that Rimland's medical conditions are otherwise under control and, apart from the periodic attacks, would leave him with sufficient functional capacity to perform his past relevant work. Id. § 404.1520(f).

**REMANDED.**